JOHN P. GUNN, and SALLIE O. GUNN, his Wife *vs.* STEWART BROWN and ARTHUR GEO. BROWN, Trustees.

*Construction of Will—Continuance of Trust.*

This Court in construing the will of W., (60 *Md.*, 50,) virtually decided that the appellant, Mrs. Gunn, the only surviving child of the testator took an estate in fee in the property devised to her by her father. Sometime afterward, Mrs. Gunn filed a petition in a Court of equity, claiming that as this Court had thus decided that she took a fee simple estate, the trusts created by the will were at an end, and she had the right, if she so elected, to take the whole of the property out of the hands of the trustees and into her own possession. HELD :

That the testator intended that the trust should last during the life of his daughter, whether single or married, and that she was entitled to receive only the income in the manner pointed out in the will.

APPEAL from the Circuit Court of Baltimore City.

This was an amicable proceeding instituted by Mrs. Sallie O. Gunn and her husband, by petition against her trustees, the appellees, in the case wherein the trust was administered, for the purpose of having a construction of the will of her father, Dr. Thomas H. Wright, as it affects her share of his estate. The petitioner, Mrs. Gunn, prayed the Court to determine by a decree, that she was entitled to the entire income as it accrued on the original share held for her under her father's will, and that the same be paid over to her without requiring the same to be invested; and further, that she was entitled to the *corpus* of the entire estate known as surplus income estate, with the absolute and unobstructed right to sell, or otherwise dispose of the same by deed or will in her life-time, and that the entire estate, original and surplus income, should be held for her alone, and for no other person or purpose, and with-

Gunn *vs.* Brown and Brown, Trustees.

out remainder over. The trustees filed their answer, submitting the case to such decree as the Court might deem it proper to pass. The Court, (PHELPS, J.,) by consent of parties, passed a *pro forma* decree dismissing the petition. The petitioners appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*Stewart Brown* argued for the appellants, on the brief of *F. W. Brune* and *William George Weld.*

STONE, J., delivered the opinion of the Court.

In the case of *Fairfax vs. Brown & Brown, Trustees,* 60 *Md.,* 50, this Court was called on to construe the will of Dr. Wright. At the time of the institution of that suit, Harriet, one of the daughters of Dr. Wright, had died intestate and without issue, and the question directly presented to the Court for its decision was what estate Harriet took in the property under her father's will. This Court decided that Harriet took a fee simple, which became vested at the death of her mother, and *that the trust having ended at the death of Harriet,* the property was to be equally divided between her sister, Mrs. Gunn, and the children of her deceased brother, Reginald.

By that decision the Court virtually determined that Mrs. Gunn took an estate in fee, in the property devised to her by the will of her father, Dr. Wright. But Mrs. Gunn being still alive, no question was raised as to the distribution of her estate, nor was the question directly presented to the Court, when the trust ended on her part of the estate of her father.

She has now filed a petition in a Court of equity, claiming that as this Court decided in 60 *Md.,* that she took a fee simple estate, the trusts are at an end, and she has the right, if she so elects, to take the whole of the prop-

erty into her own possession and out of the hands of the trustees.

To this proposition we cannot assent. On the death of her mother, an *equitable estate in fee vested* in Mrs. Gunn. There is no restriction in the trust incompatible with such an estate. It is devisable and descendible, and she gets the whole income in the manner pointed out by the testator. It is very clear to us that the testator intended this trust to last during the life of his daughters, whether single or married.

The petitioner in this case seems to think that she is not *benefited* by the restrictions in the will, and that as the professed object of the devise was the *benefit* of the daughters, that such restrictions should be declared void. Such restrictions may not, in fact, operate to her advantage; but the testator who had, we think, the undoubted power, imposed them, and we have no authority to remove them.

This case is virtually decided in 60 *Md.* We said in that case that the trust on Harriet's estate ended at her death, and in so saying, we meant that the trust continued up to that time. After a reconsideration of the question in this case, we are still of that opinion, and must affirm the decree, dismissing the petition.

*Decree affirmed, with costs.*

(Decided 16th January, 1885.)