## CIRCUIT COURT OF BALTIMORE CITY.

Filed August 8, 1907.

SAFE DEPOSIT & TRUST COMPANY OF BALTIMORE, EXECUTOR AND TRUSTEE, ETC.,

VS.

LAURA G. LEBER ET AL.

*Fisher & Fisher* for plaintiff.

*Eli Frank* and *Charles McH. Howard* for defendant.

ELLIOTT, J.—

The bill of complaint filed in this cause is for the purpose of having the last will and testament of the late Margaret B. Tudor construed. Such construction has been deemed necessary in order to settle certain doubts which have arisen relative to the interests taken under said will by the devisees and legatees therein mentioned.

The will was drawn by the testatrix herself, without legal assistance or experience, and is therefore to be construed without any fine distinctions as to the words employed, or any strict adherence to legal technicalities.

As has been so frequently said by our Court of Appeals, the thing to be sought is the intention of the testator, and when discovered, it must be given full effect, unless some rigid rule of construction would be thereby violated.

Let us first state the circumstances under which the will was made so far as they apply to the intended recipients of the testatrix bounty.

She had had five children, one son and four daughters. The former and three of the latter were living both when the will was executed and when the testatrix died. The fourth daughter was dead when the will was made, leaving children.

Of the living daughters one was married and two were, and still are, single, and these two had lived with and were dependent upon their mother for support.

It would seem but natural, therefore, that in contemplating the condition of the two single daughters, she should think of them, as they would be deprived of her support, and without the protection and assistance which were incident to marriage. That she did so think of them is clear from two provisions of the will; first, that relating to a special bequest to each of them as single; and secondly, the revocation of that bequest, in case either or both married before the death of the testatrix.

Taking this clause in connection with the residuary clause, there can be no doubt of the intention of the testatrix to make a special provision for the support of her two unmarried daughters, and having made that, she provides in the residuary clause for an equal distribution among her four living children.

But she had something else in mind. It was possible, if not entirely probable, that her two single daughters would remain unmarried, and impressed as she evidently was with the necessity of securing the continuance of a support for them, she says in the residuary clause. "The entire share coming to Florence M. or Mabel A., I leave to the Safe Deposit and Trust Company as trustee, to pay them the interests as they may accrue."

The effect of this provision is to put the legal title to the shares of Florence M. and Mabel A., under both the special and residuary clauses, in the Safe Deposit and Trust Company, trustee, making the two single daughters equit-

able tenants, in fee, their shares having the incidents of being devisable by and descendible from them.

The share of each daughter is separate from that of the other, and the trust created with respect to them is not a mere naked trust, but is to continue during their respective lives.

Gunn vs. Brown, trustee, 63. Md. 98.

The provision made "in case of the death of either single daughter" was evidently intended to apply only in the event of the death of either or both of them during the lifetime of the testatrix. It is not death that is a contingent event, but the time of it, and the time intended by the testatrix is that between the making of the will and its taking effect by her decease.

Surviving the death of their mother, Florence M. and Mabel A. Tudor each took an absolute equitable fee.

Fairfax vs. Brown, trustee, 60 Md., 59-60.

It is equally free from doubt that Laura G. Leber and Stanley E. Tudor take each an absolute estate in fee-simple, in an undivided one-fourth part of the residue of the estate, and that the use of the word "children" in that connection is not to be construed as an attempt to evade the rule in Shelly's case, by avoiding the use of the word "heirs."

In the construction of the clause of the will which bequeathes $3,000 to each of the grandchildren, J. Wilson Hogg and Roberta L. Hogg, there is no difficulty. Each has been given a vested estate, liable to be divested in case of death before reaching full age.

Pending their infancy the principal of said legacies is to be preserved until said legatees shall reach full age or die before doing so. In the case of the death of one, the principal is to go to the other upon reaching full age, the survivor in the meanwhile enjoying the income. Failing both to reach full age, the principal of both legacies goes upon the death of the survivor under age to the children of the testatrix or their heirs. During the infancy of the grandchildren, they are to enjoy the income of the principal sum of their respective legacies.

This court will assume jurisdiction over the execution of the trust, created by the will, and will sign a decree in accordance with this opinion.